CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 28, 2024

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ROD JENKINS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:23-cv-00053 |
| VALLEY HEALTH SYSTEM, | ) By: Elizabeth K. Dillon |
| Defendant. | )     United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Rod Jenkins brought this action against Valley Health System (Valley Health) alleging that Valley Health failed to accommodate his religious beliefs and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a). Pending before the court is Valley Health's motion to dismiss for failure to state a claim. (Dkt. No. 5.) After briefing (Dkt. Nos. 6, 10, 11) and oral argument, Jenkins also submitted a supplemental brief, which the court has considered. (Dkt. No. 20.) The motion is ripe for resolution. For the reasons stated herein, the court will grant Valley Health's motion to dismiss with prejudice.

I.  BACKGROUND[1]

Valley Health hired Jenkins as a registered nurse in December 2019. (Compl. ¶ 9, Dkt. No. 1.) On July 19, 2021, and in response to the COVID-19 pandemic, Valley Health enacted a policy that required its employees to receive the COVID-19 vaccination. (*Id.* ¶ 10.) The policy required that employees receive their first dose before October 1, and it included a deadline of August 16 to submit requests for "the possibility" of medical or religious exemptions. (*Id.* ¶¶ 11–12.) Jenkins submitted an affidavit to Valley Health's Human Resources department in which he requested a

---

[1] The following facts are drawn from Jenkins's complaint and are accepted as true for the purposes of ruling on the motion to dismiss.

religious exemption to the vaccination policy.  (*Id.* ¶ 17.)  Jenkins later re-submitted a notarized copy of his affidavit on July 30, wherein he stated that he was "a member of a recognized religious organization, and that the immunizations required by Valley Health are contrary to my religious tenets or practices."  (*Id.* ¶ 19.)  By this time, Valley Health implemented a standardized exemption request form and required Jenkins to re-submit his request on the standard form.  (*Id.* ¶ 17.)  Jenkins did so on August 10.  (*Id.* ¶ 18.)

On the new form, Jenkins himself completed the portion "to be completed by a Religious Leader/Requested Individual."  (*Id.* ¶¶ 21–22.)  Jenkins simply stated that he "Do[es] Not Agree with Fetal Cell Therapy," but he neglected to detail his religious beliefs on the accommodation request.  (*Id.* ¶¶ 24–25.)

On August 18, Valley Health denied Jenkins's request for a religious accommodation to the vaccination policy and cited to its "consistent, fair, and impartial process" to reach this decision.  (*Id.* ¶ 26.)  Jenkins claimed Valley Health did not indicate why his request was denied nor did any hospital representative reach out to explain the rationale.  (*Id.* ¶¶ 28–29.)  Similarly, before denying his request, Valley Health did not ask Jenkins to provide further information or clarification about how his beliefs conflicted with Valley Health's vaccine mandate.  (*Id.* ¶ 30.)

Over three months later, on November 23, Jenkins wrote a letter to Human Resources to express his desire to remain employed at Valley Health "with a reasonable accommodation" even though his prior accommodation request had been denied.  (*Id.* ¶ 31.)  In the same letter, he noted his fears that "the shot would cause personal harm" and Human Resources' previous advice that "Valley Health will not accept medical exemptions."  (*Id.*)  Valley Health responded three days later, on November 26, to clarify that Valley Health offered both medical and religious exemptions but Jenkins was not approved for either.  (*Id.* ¶ 34.)  The email further notified Jenkins that his

employment would be terminated, effective December 11, if he chose not to receive the vaccine. (*Id.* ¶ 35.)

Jenkins did not receive the vaccine, and Valley Health fired him on December 11, 2021. (*Id.* ¶ 42.) Jenkins filed a complaint against Valley Health with both the Equal Employment Opportunity Commission (EEOC) and the Virginia Attorney General's Office of Civil Rights (OCR) on April 11, 2022. (*Id.* ¶ 43.) Jenkins received EEOC's Notice of a Right to Sue on May 25, 2023. (*Id.* ¶ 44.)

Jenkins filed suit in this court. In his complaint, Jenkins provided significant additional details tying his vaccine objections to his faith. (*Id.*) Further, he asserted that as part of his Christian faith, he believed "abortion is morally wrong and that to knowingly take a vaccine that was tainted in any way with aborted fetal cells would be a sin." (*Id.* ¶ 24.) Jenkins further believed "his body is God's temple" and that forcing an unapproved vaccine on individuals was a violation of the First Amendment. (*Id.* ¶ 25, n.1.) While Jenkins acknowledged that he did not detail his religious beliefs in his exemption request forms, he averred that "clearly his religious beliefs were made clear to the reader" of the standardized form. (*Id.* ¶ 25.) His complaint contains two claims alleging violations of Title VII. In Count I, Jenkins alleges that Valley Health failed to accommodate his religious beliefs. In Count II, he alleges that Valley Health retaliated against him for his religious beliefs. Defendant Valley Health moves to dismiss the complaint in its entirety, arguing that Jenkins fails to state a claim.

## II. DISCUSSION

**A. Standard of Review**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff's allegations must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard "requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim

3

entitling him to relief, i.e., the 'plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The court must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). However, pleadings which are conclusory "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

The Fourth Circuit has made clear that the pleading standards established in *Twombly* and *Iqbal* apply to claims of discrimination. *Woods v. City of Greensboro*, 855 F.3d 639, 647–48 (4th Cir. 2017) (citing *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 583–85 (4th Cir. 2015)). Although a plaintiff is "not required to 'plead facts establishing a prima facie case of discrimination to survive a motion to dismiss,'" he is "nonetheless 'required to allege facts to satisfy the elements of a cause of action created by [the relevant] statute in compliance with *Iqbal*." *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585) (alteration in original). Thus, the question at this stage of the proceedings is whether the plaintiff "has offered sufficient factual allegations to support a plausible claim" under Title VII. *Id.*

### B. Jenkins Has Not Adequately Stated a Claim for Failure to Accommodate Religious Beliefs Under Title VII.

To state a *prima facie* case of failure to accommodate religious beliefs under Title VII, a plaintiff must establish that (1) he has a bona fide religious belief that conflicts with an employment requirement, (2) he informed the employer of this belief, and (3) he was disciplined for failure to comply with the conflicting employment requirement. *Chalmers v. Tulon Co.*, 101 F.3d 1012, 1019 (4th Cir. 1996). Moreover, Title VII defines "religion" as "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably

4

accommodate to an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). Though a religious belief need not be "acceptable, logical, consistent, or comprehensible to others" under Title VII, the plaintiff must make an "assertion of sincere religious belief."[2] *Keene v. City & Cnty. of San Francisco*, 4:22-cv-01587, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023) (citing *Thomas v. Rev. Bd.*, 450 U.S. 707, 714 (1981)).

Notably, Valley Health made its decision to deny Jenkins's religious accommodation based on his exemption requests and did not have the benefit of his complaint. While Jenkins alleges that he submitted multiple statements and religious accommodation requests, it is not clear whether Valley Health used any of the documents other than the final, official form in evaluating his request.[3] (Compl. ¶¶ 20–24.) The form permitted attachments for additional information, but Jenkins neither attached his previously submitted affidavit nor provided any surplus information with the form. (Def. Ex. 1, Dkt. No. 11-1.) Further, the form contained a standard, typed section stating, "It is a tenet or practice of my church, religious organization, or religious beliefs not to receive the Covid-19 vaccination." (*Id.*) Jenkins signed his name after this typed statement and hand-wrote a few sentences related to his political and medical beliefs. (*Id.*)

The court looks primarily to Jenkins's *final* request to determine if his stated beliefs are religious in nature sufficient to require religious accommodation. *See Aliano v. Twp. of Maplewood*,

---

[2] As discussed herein, the court concludes that Jenkins failed to allege sufficient religious beliefs in his requests. Thus, the issue of whether any of his beliefs were "sincere" is not before the court. *Africa v. Pennsylvania*, 662 F.2d 1025, 1032 (3d Cir. 1981) (establishing a framework that requires religious beliefs (1) "address a fundamental and ultimate question having to do with deep and imponderable matters," (2) be "comprehensive in nature" and (3) be recognized by "the presence of certain formal and externals signs"); *Ellison v. Inova Health Servs.*, 692 F. Supp. 3d 548, 558 (E.D.Va. 2023) (adopting the *Africa* framework to determine if a "sincere religious belief" is "religious in nature").

[3] Though Jenkins did not include this exhibit in his complaint, his Religious Exemption Request is integral to and explicitly relied upon in the complaint. Therefore, the court may consider this exhibit on a motion to dismiss. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165 (4th Cir. 2016).

No. 22-cv-5598, 2023 WL 4398493, at *11 (D.N.J. July 7, 2023). Even if the court considered Jenkins's prior exemption requests, it would reach the same result. In his prior requests, including his notarized affidavit, Jenkins only made conclusory statements that he was "a member of a recognized religious organization" and that the COVID-19 vaccine was "contrary to [his] religious tenets and practices," which he did not identify or explain. (Compl. ¶ 19.)

To succeed in this claim, Jenkins must show how "receiving the COVID-19 vaccine would violate [his] beliefs." *Id.* "Conclusory allegations that a belief is religious are . . . insufficient; rather, a plaintiff must allege *how* [his] objection is based upon a *religious* belief." *Id.* at *5 (emphasis in original). Here, Jenkins asserted only that he "Do[es] Not Agree with Fetal Cell Therapy," and he did not expound upon any underlying religious beliefs that *caused* him to disagree with fetal cell therapy. (Def. Ex. 1.) In fact, the only statements that even mention religion are *typed* on Valley Health's official form, followed by a signature line for each person requesting a religious accommodation. (*Id.*)

In the sections Jenkins hand-wrote, he only asserted his political beliefs that receiving a COVID-19 vaccine is a violation of his rights and his medical judgment that the vaccine "caus[ed] more harm than good." He made only one statement regarding his "disagreement" with fetal cell therapy without any religious context or connotations. (*Id.*) Jenkins's request form merely informed Valley Health that he refused the vaccine because of his *medical* and *political* judgments regarding the safety of the vaccine, *not* his religious convictions as stated in his complaint. *Passarella v. Aspirus, Inc.*, 2023 WL 2455681, at *5 (W.D. Wis. Mar. 10, 2023) ("[T]he use of religious vocabulary does not elevate a personal medical judgment to a matter of protected religion."). Therefore, in his request documents, Jenkins did not prove that his objection arose from a subjective belief tied to his belief system. *See Aliano*, 2023 WL 4398493, at *5.

6

Other federal courts, in dealing with similar cases, have required a clear, unambiguous statement regarding how the vaccine violates a tenet of the individual's faith. *See Aliano,* 2023 WL 4398493, at *6 ("[I]t is [plaintiff]'s subjective religious belief that is protected, so [plaintiff] must provide information concerning the religious nature of his own belief and how his objection to the COVID-19 vaccine is connected to that belief."); *Fallon v. Mercy Cath. Med. Ctr.*, 877 F.3d 487, 492 (3d Cir. 2017) (holding that the plaintiff's bases for refusing an influenza vaccine were medical, not religious, when he merely stated his belief that "one should not harm their [sic] own body and [he] strongly believe[d] that the flu vaccine may do more harm than good") (alteration in original); *Ellison v. Inova Health Servs.*, 692 F. Supp. 3d 548, 559 (E.D. Va. 2023). In *Ellison*, for example, the court denied defendant's motion to dismiss because plaintiff's accommodation request forms "provide[d] sufficient allegations regarding his subjective personal beliefs, how those beliefs are related to his faith, and how those beliefs form the basis of his objection to the COVID-19 vaccination." 692 F. Supp. 3d at 549.

Jenkins did not present such clear allegations in his accommodation requests. Rather, Jenkins relied solely on his *complaint* to allege that, as part of his religious beliefs, he "believes abortion is morally wrong and that to knowingly take a vaccine that was tainted in any way with aborted fetal cells would be a sin." (Compl. ¶ 24, n.1.) Jenkins maintains that he "t[ied] his objection to fetal cell therapy to his request for a religious accommodation," such that Valley Health surely would infer that "his religious beliefs against abortion dictated that he could not take a vaccine tainted with aborted fetal cells." (Pl.'s Resp. in Opp'n. to Def.'s Mot. Dismiss 10, Dkt. No. 10.) However, Jenkins did not mention his beliefs about abortion (or connect his views on abortion to his objection to the vaccine) in his accommodation requests. (*See* Def. Ex. 1.) In fact, he stated only that he "Do[es] Not Agree with Fetal Cell Therapy," a distinctly different statement from his religious beliefs about abortion as stated in his complaint. (*Id.*)

To be sure, when a plaintiff *adequately explains* the connection between the plaintiff's religious belief and his objections to the COVID-19 vaccine, courts have upheld religious exemptions. *See Aliano*, 2023 WL 4398493, at *10 (denying a motion to dismiss against a plaintiff whose religious accommodation request form stated "[A]s a Christian, I cannot according to my beliefs and conscience, use these products that have origins in abortion."); *Ellison,* 692 F. Supp. 3d at 559 (holding that a plaintiff "adequately linked his objection to a sincerely held religious belief" when he stated "life begins at conception," "every life is sacred," and "[a]ction that would . . . generate a future demand for fetal cell tissue, violates the core religious beliefs that [he] hold[s] dear") (alterations in original).  But that is not the case here.

Jenkins did not provide information concerning the religious nature of his own belief or how his objection to the COVID-19 vaccine is connected to such beliefs.  *See Aliano*, 2023 WL 4398493, at *10 (granting a motion to dismiss where plaintiff's COVID-19 vaccination exemption request form contained only conclusory statements that he was a "baptized Roman Catholic" and using "aborted fetal cell lines are in direct conflict with my religious beliefs").  Unlike the plaintiff in *Aliano*, Jenkins did not identify a religious organization to which he belonged and did not reference either religion or abortion itself in the handwritten sections of the official exemption request form.  (Def. Ex. 1.)  In his handwritten section, Jenkins merely stated that he "Do[es] Not Believe" in fetal cell therapy.  (*Id.*)  However, he failed to link his lack of belief in fetal cell therapy to his religion, let alone explain his religious beliefs or how such beliefs result in his objection to fetal cell therapy.  (*Id.*)  Indeed, the information Jenkins provided is even less robust than the plaintiff in *Blackwell*, where the court dismissed the plaintiff's claims because she "fail[ed] to plead additional information" beyond identifying the organized religion she belonged to and claiming her objection to the vaccine arose from that religion."  *Blackwell v. Lehigh Valley Health Network*, No. 5:22-cv-03360-JMG, 2023 WL 362392, at *8 (E.D. Pa. Jan. 23, 2023).

In short, Jenkins's submission to Valley Health does not reflect that he adequately informed Valley Health of his religious beliefs. *See Winans v. Cox Auto., Inc.*, 669 F. Supp. 3d 394, 401 (E.D. Pa. 2023) (granting a motion to dismiss where plaintiff's religious exemption request did "not . . . allege plaintiff's concern with the use of fetal cell lines arises out of any comprehensive religion"). Notably, Jenkins took three distinct opportunities to request a religious exemption to the vaccine, but he only asserted his "*religious* objections to taking a vaccine tainted by abortion" in his complaint and his response to Valley Health's motion to dismiss.[4] (Compl. ¶ 24; Pl.'s Resp. in Opp'n. to Def.'s Mot. Dismiss 10) (emphasis added).) Such statements do not appear anywhere in the accommodation request document that Valley Health used in its decision to deny Jenkins's request. (Def. Ex. 1.) While it may be true that "when human life begins" is a "universal question across cultures and religious [sic]," (Pl.'s Resp. in Opp'n. to Mot. Dismiss 10 n.2), the court cannot find evidence that Valley Health *knew* or could have *reasonably inferred* that Jenkins personally held these religious beliefs at the time of his request. Instead, Jenkins failed to document or otherwise inform Valley Health of his beliefs until this suit commenced. Therefore, Valley Health "cannot have possibly failed to accommodate" beliefs of which it was unaware. *See Friend v. Astrazeneca Pharms. LP*, No. SAG-22-03308, 2023 WL 3390820, at *3 (D. Md. May 11, 2023).

For the reasons above, the court will dismiss with prejudice Count I of the complaint, the claim against Valley Health based on alleged failure to accommodate Jenkins's religious beliefs.

**C. Jenkins Has Not Adequately Stated a Claim for Retaliation Under Title VII.**

In Count II, Jenkins asserts a claim of retaliation under Title VII. To state such a *prima facie* claim, a plaintiff must show that (1) he engaged in a protected activity, (2) the employer took a

---

[4] Moreover, a party may not amend its complaint through briefing, so the court looks only to the complaint in this case for factual allegations. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

materially adverse action, and (3) there is a requisite level of causal connection between the protected activity and the adverse action.[5] *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 217 (4th Cir. 2017) (citation omitted).

Title VII prohibits retaliation against an employee who (1) "oppose[s] any practice made an unlawful employment practice," or (2) "has made a charge, testified, assisted, or participated in . . . an investigation, proceeding, or hearing under this subchapter."[6] 42 U.S.C. § 2000e-3. Oppositional activities may include "'staging informal protests and voicing one's own opinions in order to bring attention to an employer's discriminatory activities,' as well as 'complain[ts]. . . about suspected violations.'" *Id.* at 406 (citation omitted). Moreover, the "opposition clause has been held to encompass informal protests, such as voicing complaints to employers or using an employer's grievance procedures." *See Armstrong v. Index Journal Co.*, 647 F.2d 441, 448 (4th Cir. 1981) (citation omitted). For an employee's activity to be considered "oppositional," the employee must show that (1) he "reasonably believed that the employment action [he] opposed constituted a Title VII violation", and (2) his oppositional conduct was "reasonable." *Netter v. Barnes*, 908 F.3d 932, 937–38 (4th Cir. 2018) (citation omitted). Jenkins contends that he engaged in protected activities twice: when he applied for a religious accommodation to Valley Health's vaccine mandate and when he sent his "Letter of Intent" in November. (Compl. ¶¶ 87–88.) However, neither of these activities are in "opposition" to an unlawful employment practice.

Jenkins did not present evidence showing that his "Letter of Intent" significantly *opposed* Valley Health's decision in denying a religious accommodation request. (Compl. ¶¶ 31–32.) Specifically, while his letter of intent to remain mentions in passing that he did not receive a religious

---

[5] As discussed herein, Jenkins did not engage in a protected activity; thus, the court need not determine whether Jenkins adequately pled the other elements.

[6] Participation as defined by Title VII is not at issue here. Thus, the court looks only to the issue of "opposition." *Laughlin v. Metro. Wash. Airport Auth.*, 149 F. 3d 253, 259 ("Because [plaintiff]'s actions are not cognizable as participation, they must be oppositional or [his] case fails as a matter of law.")

exemption, Jenkins did not allege a Title VII violation or discriminatory decision-making until he filed complaints with the EEOC and OCR. (*Id.* ¶¶ 32, 43.) Moreover, though his exemption request was denied, Jenkins did not attempt to appeal the decision or inform Valley Health that he thought the decision was improper or discriminatory. (*Id.* ¶¶ 26–32.) Therefore, the court cannot conclude that Jenkins's letter of intent opposed Valley Health's denial of a religious exemption. Rather, Jenkins's letter of intent was yet another failed attempt to remain in Valley Health's employ, despite his political and medical refusal to receive the COVID-19 vaccine as mandated by Valley Health policy.

Furthermore, courts have held specifically that making a religious accommodation request is not a protected activity. *Perlman v. Mayor & City Council of Baltimore*, No. SAG-15-1620, 2016 WL 640772, at *6 (D. Md. Feb. 18, 2016). "The making of such a request neither 'oppos[es] any practice' of the [employer], nor constitutes 'participation in an investigation, proceeding, or hearing' to do with any Title VII violations" committed by the employer. *Id.* (citation omitted). *See also Kirkeberg v. Canadian Pac. Ry.*, 619 F.3d 898, 907 (8th Cir. 2010) (holding that an employee who asserts rights under the Americans with Disabilities Act (ADA) for reasonable accommodation for his alleged disability has not opposed any act or practice made unlawful by the ADA).

The accommodation requests only support that Jenkins did not want to receive the vaccine for political and medical reasons. (Compl. ¶¶ 24–25, 32; Def. Ex. 1.) The requests do not reference or create inferences that Jenkins opposed Valley Health's decision-making process or even its ultimate decision. *See EEOC v. N. Mem'l Health Care*, 262 F. Supp. 3d 863, 687 (D. Minn. 2017) ("There is no evidence that [plaintiff] believed [employer]'s denial of [his] religious accommodation was unlawful. And even if [he] did, [he] did not communicate that belief. . . . In other words, merely requesting a religious accommodation is not the same as opposing the allegedly unlawful denial of a religious accommodation.") (citation omitted). Jenkins does not "state anything to indicate that [he]

11

. . . consider[ed] the failure to grant [his] . . . request to be discriminatory." *Payne v. Salazar*, 899 F. Supp. 2d 42, 52 (D.D.C. 2012).  Thus, for the same reasons it concludes that his letter of intent was not oppositional activity, the court likewise concludes that the requests themselves also were not in opposition to any alleged discriminatory practices.

For the reasons above, the court will dismiss with prejudice Count II of the complaint, the claim against Valley Health based on alleged retaliation for Jenkins's religious beliefs.

### III.  CONCLUSION

For the foregoing reasons, the court will grant Valley Health's motion to dismiss and will dismiss both counts of the complaint.  Because Jenkins could not provide additional factual allegations in his complaint to remedy its deficiencies, the court will dismiss the complaint with prejudice.  *See Aliano*, 2023 WL 4398493, at *11 (noting that plaintiff cannot "cure the fundamental deficiency" in his complaint and granting the motion to dismiss with prejudice); *Fallon*, 877 F.3d 487, 489 (affirming the district court's dismissal with prejudice "because amendment would be futile").  The court will issue an appropriate order.

Entered: June 28, 2024

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge